UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL JERIMIAH SIMMS,

Plaintiff,

v.

CHARLES R. SCHWAB, *et al.*,

Defendants.

CASE NO. 3:19-cv-5642 BHS

ORDER RENOTING *IN FORMA PAUPERIS* APPLICATION, DISMISSING PROPOSED COMPLAINT WITHOUT PREJUDICE, AND TO SUBMIT A NEW PROPOSED COMPLAINT

Plaintiff, who proceeds *pro se* and is currently incarcerated, requests to proceed *in forma pauperis* ("IFP") in this civil matter alleging federal question jurisdiction. Pursuant to Amended General Order 02-19, the District Court has referred plaintiff's application to the undersigned.

Plaintiff claims that various Charles Schwab entities and employees conspired with his wife—whom he is also suing—to open joint accounts in his and his wife's names, which allowed her to drain the accounts of funds that plaintiff alleges were his separate property. He alleges violations of a myriad of federal and state laws by eleven identified defendants and one hundred unknown defendants.

1     Because plaintiff relies on federal criminal statutes that do not provide private causes of action and because he fails to state cognizable claims of securities fraud, "federal common law fraud," and violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), plaintiff's proposed complaint does not sufficiently allege any federal claim upon which relief could be granted. Nor will this Court exercise supplemental jurisdiction over his state law claims absent a cognizable claim based on federal law. Therefore, the undersigned dismisses plaintiff's proposed complaint from his IFP application without prejudice. If plaintiff wishes to proceed with this matter, he must file a proposed amended complaint that adequately states a claim on or before **September 6, 2019.** Failure to comply with this Court's order will result in the undersigned recommending dismissal of this matter.

## BACKGROUND

    Plaintiff, who is incarcerated at the Clallum Bay Corrections Center, initiated this matter by filing an IFP motion in July 2019. *See* Dkt. 1. His application includes a proposed complaint, which brings a variety of claims against Tracy Simms (his wife), five Charles Schwab corporate entities, two corporate officers (Charles Schwab and Walter Bettinger II), a Charles Schwab "Client Advocacy Team," Michael Campion (allegedly the Senior Manager of the Compliance Department of Charles Schwab Enterprises), "Daniel" Doe (a Charles Schwab Enterprises employee), and 100 unknown employees of Charles Schwab Enterprises. *See* Dkt. 1-1, at 2–3.

    Plaintiff alleges that defendant Simms owed him $20,000 and that he and defendant Simms had a prenuptial agreement stating that all funds earned before their marriage were considered separate. *See* Dkt.1-1, at 5, 7, 50. According to plaintiff, he and defendant Simms agreed to open a "Joint 'convenience' Account," which would allow defendant Simms to

1  "withdraw funds [only] at Plaintiff's direction or for Plaintiff's benefit." Dkt. 1-1, at 6–7. Apparently, defendant Simms had plaintiff's power of attorney at the time that she went to open the account. *See* Dkt. 1-1, at 9.

However, plaintiff alleges that defendant Simms, defendant Doe, and other, unknown defendant employees instead opened joint brokerage and bank accounts in plaintiff's and his wife's names and without his knowledge or authorization to open joint accounts. *See* Dkt. 1-1, at 7. Plaintiff alleges that unlike a "convenience" account, the joint accounts gave defendant Simms the right to withdraw plaintiff's funds without his consent or agreement. *See* Dkt. 1-1, at 7–8.

Plaintiff alleges that he was unaware of the true nature of the accounts opened and that defendant Simms not only failed to repay the existing $20,000 debt but also withdrew $33,245.96 of his own, separate money that he transferred to the accounts. *See* Dkt. 1-1, at 9. Subsequently, plaintiff alleges that the defendant companies changed his address without informing him of the change, causing him to "lose track of his funds" when he stopped receiving account statements. Dkt. 1-1, at 11. He alleges that defendants ignored his requests to change the address back, allowing defendant Simms to withdraw an additional $5,000 without plaintiff's knowledge. *See* Dkt. 1-1, at 13.

Plaintiff alleges that the Charles Schwab entity defendants and defendant Client Advocacy Team received his request to provide monthly statements and responded by warning defendant Simms that they would close his accounts—allowing defendant Simms to "drain" the accounts. *See* Dkt. 1-1, at 14, 16. Plaintiff alleges that he attempted to initiate a proceeding in state court for protection of a vulnerable adult—himself—but that defendants' failure to provide him with monthly transaction statements thwarted his attempt. *See* Dkt. 1-1, at 15, 19.

After more requests to have the address changed back and to receive his financial statements, plaintiff then alleges that he contacted various state and federal agencies, to no avail. *See* Dkt. 1-1, at 25. He claims that defendants made false statements about plaintiff—namely that he had failed to disclose that he was incarcerated when he opened the accounts—to these agencies, causing most of the agencies to close his complaints without action. *See* Dkt. 1-1, at 31. Plaintiff alleges that he wrote to the Charles Schwab defendants demanding certain disclosures but that they did not respond. *See* Dkt. 1-1, at 39–40.

Based on these allegations, plaintiff seeks thirty million dollars in damages. *See* Dkt. 1-1, at 53.

**DISCUSSION**

**I. Legal Principles**

When a plaintiff wishes to proceed IFP, "[n]otwithstanding any filing fee, or portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must provide more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, the complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Although this Court will interpret a *pro se* complaint liberally, it "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). This Court will also grant leave to amend unless it appears that there is no set of factual allegations that could cure the pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Applying these principles as discussed below, plaintiff has failed to provide this Court with a proposed complaint that states a claim upon which relief can be granted.

**II. Statutes That Do Not Allow a Private Right of Action**

*a. Criminal Statutes*

Plaintiff premises counts 1, 3, 4, 6, 7, 9–11, 16, 17, 19–25, 28, 31, and 33–35 on violations of various portions of Title 18 of the United States Code, which codifies criminal offenses. *See* Dkt. 1-1, at 6–39.

However, plaintiff's reliance on these criminal statutes—18 U.S.C. §§ 3, 4, 241, 371, 656, 1001, 1005, 1025, 1028, 1341, 1343, 1344, 1348, 1513, 1517, and 1956—is misplaced. Section 1025 does not apply because it involves crimes on "high seas and other waters." The remaining criminal statutes do not provide for a private right of action. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994); *see, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (§ 241); *Ross v. Orange Cty. Bar Assoc.*, 369 Fed. App'x 868, 869 (9th Cir. 2010) (§ 1341).

1 | Plaintiff has failed to state a claim upon which relief can be granted for these counts.

2 | Plaintiff's amended proposed complaint should not bring claims that rely on criminal statutes

3 | that do not provide a private cause of action.

*b. Section 17(a) of Securities Act*

Plaintiff additionally brings a claim (count 30) under 15 U.S.C. § 77q(a), which is Section 17(a) of the Securities Act. *See* Dkt. 1-1, at 33. However, the Ninth Circuit has held that there is no private right of action under Section 17(a) of the Securities Act. *See Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir. 1990). Plaintiff has failed to state a claim for this count and should not bring claims under § 77q(a) in his amended proposed complaint.

**III. Remaining Federal Claims**

Plaintiff's remaining federal law claims are for "federal common-law Fraud by Omission" (count 5) and "Fraud in the Factum" (count 3), violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-1 (count 29), and violation of civil RICO, 18 U.S.C. §§ 1961–68 (count 32). *See* Dkt. 1-1, at 12, 33, 37. Plaintiff's allegations of fraud must be stated with particularity. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553–54 (9th Cir. 2007) (the factual circumstances of fraud—the time, place, content of the representations, and identities of the parties to the representations—must be alleged with particularity although the state of mind of defendants may be alleged generally).

*a. Fraud*

Plaintiff states that he is bringing claims of "federal common-law Fraud in the Factum" (Dkt. 1-1, at 6) and "by Omission." Dkt. 1-1, at 12. Although plaintiff identifies his claims as sounding in federal common law, plaintiff provides no authority—and this Court is aware of none—to support a free-standing "federal common law claim of fraud" in this context.

"The Supreme Court has cautioned against the broad use of federal common law": "federal common law applies only in those limited situations where a uniform national rule is necessary to further the interest of the federal government, such as claims involving the obligations and rights of the United States and its officials or in those few areas involving 'uniquely federal interests.'" *Marcus v. AT&T Corp.*, 138 F.3d 46, 53 (2d. Cir. 1998) (quoting *Boyle v. United Techs. Grp.*, 487 U.S. 500, 504 (1988)). When fraud is claimed, a federal court will typically "examine state law to determine whether the elements of fraud have been plead sufficiently"—although plaintiff must plead the underlying fraud with heightened particularity where he seeks to proceed in federal court. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003).

Thus, to the extent that plaintiff alleges "common law fraud" against defendants, the Court will consider his claims as state-law fraud claims unless he amends his complaint to explain the basis for "federal common law fraud" claims. *See, e.g., Kirkham v. Smith*, 106 Wn. App. 177, 183 (Wash. Ct. App. 2001) (setting forth the elements of a state-law fraud claim in Washington). This court does not have original jurisdiction of state law fraud claims. *See, e.g.*, *Acebey v. Shearson Lehman Bros.*, 62 F.3d 1423, 1995 WL 470857, at *2 n.5 (9th Cir. 1995) (memorandum opinion). Therefore, unless this claim is pendent to a federal claim, it does not belong in this court in the first instance. *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001).

*b. 15 U.S.C. § 78j(b) and Rule 10b-5*

Plaintiff appears to bring a cause of action for securities fraud under 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. § 240.10b-5 (2010)) against defendant Doe and unknown defendant employees for allegedly defrauding him of his own

1 | separate funds by assisting defendant Simms in opening the accounts, which she later used to
2 | transact in securities.  *See* Dkt. 1-1, at 29, 34–35.

The essence of plaintiff's claim appears to be that defendant Simms deceived him by opening the accounts and that defendant Doe and the unknown defendant employees are liable because they aided and abetted in the deception.  *See* Dkt. 1-1, at 34 ("Defendant No. 8 and No. 11 fraudulent opening [sic] of the Brokerage Schwab Account did enable and thereby aid co-conspirator No. 12 to purchase and [sell] securities, within said Schwab Accounts, with Plaintiff's funds without his consent or agreement.").  But there is not a cognizable claim under § 78j(b) and Rule 10b-5 for aiding and abetting or co-conspiring in securities fraud.  *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 552 U.S. 148, 158 (2008) ("The § 10(b) implied right of action does not extend to aiders and abettors."); *In re GlenFed, Inc. Sec. Litig.*, 60 F.3d 591, 592 (9th Cir. 1995) (no cause of action for conspiracy liability).

Moreover, to the extent that plaintiff intends to claim that defendant Doe and the unknown Schwab employees are directly liable for failure to inform him of the type of accounts that defendant Simms had opened, plaintiff has failed to meet his burden to plead the elements of securities fraud with particularity.  The elements of a private cause of action under § 78j(b) and Rule 10b-5 are "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *Stoneridge Inv. Partners*, 552 U.S. at 157.  Plaintiff has not alleged how he relied on the omissions at issue in the purchase or sale of a security.  Nor has he met his burden to allege facts resulting in a "strong inference" of scienter on behalf of these defendants that is "cogent and at

least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007).

Thus plaintiff fails to state a cognizable claim for securities fraud under § 78j(b) and Rule 10b-5.

### c. Civil RICO

Plaintiff alleges a RICO violation, claiming that all defendants engaged in "the above predicate acts" "as an enterprise"—

> [All defendants] did conspire to injure Plaintiff from inception of the Schwab Accounts to the administration of the Complaint Processes with [outside agencies]. When Plaintiff attempted to exercise his rights as an Account Holder trying to obtain Monthly Transaction History, to demand freezing of the Schwab Accounts, requesting investigations, demanding copies of the Contract for Deposit that opened and activated said Schwab Accounts, [etc.], were all criminally prevented and obstructed.

Dkt. 1-1, at 38. He alleges that defendants' conduct violated RICO, "18 USC §1961-1968." Dkt. 1-1, at 39.

RICO expressly provides for a private right of action for violations of 18 U.S.C. § 1962(c). *See* 18 U.S.C. § 1964(c). The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity . . . (5) causing injury to plaintiff's business or property." *See United Bros. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 837 (9th Cir. 2014).

A "pattern of racketeering activity" requires at least two predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5). Plaintiff does not specify the particular predicate acts that he alleges particular defendants committed as the basis for his RICO claims but appears to generally refer to the criminal statutes cited throughout his complaint. He states,

> [a]s referenced above, [all defendants] did commit the above predicate acts against Plaintiff, said Defendants did commit the predicate acts as an enterprise, all

1 | Defendants are Central and Indispensable in the above mentioned crimes, through every step of the way the enterprise has corruptly acted, inacted, obstructed, and hindered Plaintiff in all aspects described above.

Dkt. 1-1, at 37–38.

However, this type of "shotgun pleading" is insufficient to plead a RICO claim. *See, e.g.*, *Graf v. Peoples*, CV 07-4731-VAP(E), 2008 WL 4189657, at *6 (C.D. Cal. Sept. 4, 2008) (finding that plaintiff's failure to do more than incorporate previous allegations of many different acts of wrongdoing was insufficient and discussing cases with similar holdings). Moreover, although it is unclear the precise foundation for plaintiff's RICO claims, to the extent that he alleges bank, wire, and/or mail fraud as predicate acts, plaintiff has a heightened burden to plead fraud with particularity. *See* Fed. R. Civ. P. 9(b). Plaintiff must state the time, place, and specific content of the false representations as well as the identities of the particular parties to the misrepresentation. *See Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Scattering allegations that various defendants violated various criminal statutes throughout 257 paragraphs of plaintiff's proposed complaint is inadequate to specifically allege which defendant committed what predicate acts and how defendants' acts furthered a fraudulent scheme.

Finally, plaintiff's proposed complaint does not even specify the subsection of 18 U.S.C. § 1962—RICO's substantive provision—under which he intends to proceed. Standing alone, this is an adequate basis to dismiss the proposed complaint. *See, e.g.*, *Dunfee v. Truman Capital Advisors, LP*, No. 12-cv-1925 BEN (DHB), 2013 WL 1285152, at *9 (S.D. Cal. March 25, 2013).

Therefore, if plaintiff wishes to proceed on his RICO claims, he must amend his proposed complaint as discussed above. Plaintiff should specify the type of RICO claim that he intends to

bring and, if it sounds in fraud, plead the elements discussed above with particularity. He should explain how he has shown the elements of racketeering, including how he has alleged an "enterprise" under RICO (*see Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014)) and how he has shown that the enterprise's activities proximately caused—"led directly to"—plaintiff's injuries. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006).

**IV. Remaining Claims**

Plaintiff's remaining claims sound in state law. Because the Court dismisses without prejudice the portion of plaintiff's proposed complaint bringing federal claims, the Court further declines at this juncture to exercise supplemental jurisdiction over plaintiff's remaining, state law claims. Therefore, plaintiff's entire, proposed complaint will be dismissed without prejudice from his IFP application.

**V. Conclusion**

Plaintiff must amend his proposed complaint to state a claim and not to bring claims under statutes that cannot provide plaintiff with relief—such as criminal statutes that provide no private right of action. In addition, plaintiff must plead allegations sounding in fraud with particularity.

Plaintiff's proposed amended complaint must contain a short, plain statement upon which relief can be granted. He should specifically identify which claims he brings against which defendants and how he has alleged the essential elements of each claim, rather than relying on conclusory allegations and legal argument couched as factual allegations.

///

///

**DIRECTIONS TO THE CLERK AND TO PLAINTIFF**

Plaintiff's proposed complaint (Dkt. 1-1) fails to state a cognizable federal claim, so that it is dismissed without prejudice, meaning that plaintiff may file an amended proposed complaint in support of his application. The undersigned will not rule on plaintiff's IFP application until plaintiff has submitted an adequate proposed complaint. Moreover, plaintiff must either pay the filing fee and submit an adequate proposed complaint or must be granted leave to proceed IFP if he wishes to proceed with this matter. Because there is no proposed complaint in this matter, the Court declines to address any issues regarding service at this juncture. *See* Dkt. 1-3. Plaintiff should be aware that because he is a prisoner and because this matter is not governed by the District's prisoner e-filing program, he cannot e-file documents in this matter. *See* Dkt. 2.

The Clerk shall update the docket to reflect dismissal of plaintiff's proposed complaint (Dkt. 1-1) without prejudice and shall renote plaintiff's IFP application (Dkt. 1) for **September 6, 2019**. Plaintiff shall submit a proposed amended complaint or otherwise comply with this Order on or before **September 6, 2019**.

It is so ordered.

Dated this 9th day of August, 2019.

J. Richard Creatura
United States Magistrate Judge

ORDER RENOTING IN FORMA PAUPERIS APPLICATION, DISMISSING
PROPOSED COMPLAINT WITHOUT PREJUDICE, AND TO SUBMIT A
NEW PROPOSED COMPLAINT - 12