UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL J. SIMMS,

             Plaintiff,

    v.

CHARLES R. SCHWAB, *et al.*,

             Defendants.

CASE NO. 3:19-cv-05642-BHS

REPORT AND RECOMMENDATION

Noted: January 24, 2020

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* ("IFP"), which the District Court has referred to the undersigned pursuant to Amended General Order 02-19.  Because plaintiff's second amended proposed complaint continues to rely on implausible factual allegations and fails to identify a protected class for his claim of conspiracy to discriminate against him, the proposed complaint should be dismissed, the IFP application should be denied, and the matter should be dismissed without prejudice.

**BACKGROUND**

The undersigned has reviewed plaintiff's IFP application twice, both times requiring plaintiff to submit a proposed amended complaint that states a claim upon which relief can be

1    granted.  *See* Dkt. 4, at 5; Dkt. 7, at 1–2.  Plaintiff's most recent proposed complaint essentially

2    alleges that his wife conspired with over 100 individual employees, the CEO and founder of

3    Charles Schwab enterprises, and four corporate entities, all of whom had a common purpose of

4    opening a type of account in plaintiff's name that he had not authorized and covering up that

5    they did so, in order to facilitate plaintiff's wife's draining the accounts.  *See, e.g.*, Dkt. 9, at 8,

6    12–14, 32–35.  Specifically, he brings a claim under 18 U.S.C. § 1962(c) ("civil RICO"), which

7    includes 15 allegations of predicate, criminal acts, and a claim under 42 U.S.C. § 1985(3)

8    (conspiracy to interfere with civil rights) against all defendants other than his wife.  *See* Dkt. 9, at

9    32–38.  Plaintiff also brings a host of state law claims.  *See* Dkt. 9.

10                                    **DISCUSSION**

11        **I.  General Principles**

12            When a plaintiff wishes to proceed IFP, "the court shall dismiss the case at any time if the

13    court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

14    granted[.]  28 U.S.C. § 1915(e)(2).  Among other things, a complaint fails to state a claim upon

15    which relief can be granted if it does not "contain sufficient factual matter, accepted as true, to

16    'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

17    (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court will interpret a

18    *pro se* complaint liberally and will grant leave to amend unless it appears that there is no set of

19    factual allegations that could cure the pleading.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673

20    F.3d 266, 268 (9th Cir. 1982); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

21        **II.  Civil RICO Claim**

22            The elements of a civil RICO claim are: "(1) conduct (2) of an enterprise (3) through a

23    pattern (4) of racketeering activity . . . (5) causing injury to plaintiff's business or property."  *See*

24

1    *United Bros. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 837

2    (9th Cir. 2014). The Court has previously warned plaintiff that as they pertain to an associated-

3    in-fact "enterprise," his factual allegations that over 100 employees, executives, and affiliates of

4    Charles Schwab & Co., Inc., associated together with his wife to form a scheme to deprive him

5    of his separate property fail to "plausibly give rise to an entitlement to relief." *See Iqbal*, 556

6    U.S. at 679; Dkt. 7, at 7. In response, plaintiff has amended his complaint to state that the shared

7    purpose of all named defendants was to "fraudulently execut[e] the Contract for Deposit without

8    following Federal, State, and Banking Laws regarding Identification, Due Diligence, Full

9    Disclosure, Verification of Signature, and improper Account activation for a vulnerable adult

10    that is incarcerated" and then to "conceal[] and cover[]-up their respective wrongdoing in

11    violating the law to execute the Deposit Contract for the Schwab Accounts." Dkt. 9, at 34.

12       Plaintiff's factual allegations continue to be too implausible to support this legal

13    conclusion and fail to nudge his claim "'across the line from conceivable to plausible'" (*see*

14    *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570)). While the Court gives plaintiffs,

15    especially *pro se* plaintiffs, wide latitude in alleging plausible causes of actions, simply

16    enunciating a set of facts to support a claim is not enough to overcome the requirement that the

17    facts could plausibly have happened. The idea that plaintiff's wife conspired with over 100

18    individual employees, the CEO and founder of Charles Schwab enterprises, and four corporate

19    entities to deprive plaintiff of his property and then covered up this alleged conspiracy is too

20    improbable to be plausible. Under these circumstances, it would be a waste of judicial resources

21    to allow this matter to proceed further.

22    ///

23    ///

24

**III.  § 1985 Claim**

Plaintiff's other federal claim is his claim that defendants conspired together to deprive him of equal protection.  *See* Dkt. 9, at 38.  Such a claim requires an allegation of class-based invidiously discriminatory animus.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also* Dkt. 7, at 11.  Plaintiff has amended his proposed complaint to allege discrimination on the basis of his incarcerated status.  *See* Dkt. 9, at 38.  However, prisoners are not a protected class for § 1985(3)'s purposes.  *See, e.g.*, *Nakao v. Rushen*, 542 F. Supp. 856, 859 (N.D. Cal. 1982) (state prisoners are not a protected class under § 1985), *quoted in Trerice v. Pedersen*, 769 F.2d 1398, 1402–03 (9th Cir. 1985) (stating that military prisoners are not a protected class under § 1985).  Therefore, plaintiff fails to state a claim under § 1985(3), either.

**IV.  Conclusion**

Plaintiff fails to state a claim under either civil RICO or § 1985(3).  Thus, the Court should also decline to exercise jurisdiction over plaintiff's remaining, state law claims.  Moreover, plaintiff has twice been offered an opportunity to amend his complaint with respect to the deficiencies identified above, yet continues to rely on these implausible and inadequate allegations.  The Court therefore finds that further opportunity to amend the proposed complaint in this matter would be futile and recommends that the second proposed amended complaint (Dkt. 9) be dismissed, that the IFP application (Dkt. 1) be denied, and that the matter be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have 14 days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those

1 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*

2 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating Rule 72(b)'s

3 time limit, the Clerk will set the matter for consideration on **January 24, 2020.**

4         Dated this 6th day of January, 2020.

5

6                                                       

7                                      J. Richard Creatura
                                     United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 5